FILED
AUG 1 4 2007
AUG 14 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER PIERCE, <br><br> Plaintiff, <br><br> v. <br><br> PHARMERICA, <br><br> Defendant. | 07CV4579 <br> JUDGE DARRAH <br> MAG. JUDGE MASON |

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, Heather Pierce (hereinafter "Pierce") by and through her attorneys, Caffarelli & Siegel Ltd., for her Complaint at Law, complains against Defendant Pharmerica as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by Defendant's unlawful termination of Plaintiff in violation of Section 102 of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12112(a).

### JURISDICTION AND VENUE

2. Pierce has fulfilled all conditions precedent to the institution of this action. On January 24, 2006, she filed a timely charge with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and on or about June 8, 2007, Pierce received a Right to Sue Letter from the EEOC. This Complaint at Law is being filed within 90 days of receipt of Notice of Right to Sue.

3. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Heather Pierce, is a female resident of Dupage County, Illinois. She was employed by Defendant Pharmerica from October of 2003 to on or about April 19, 2005. Plaintiff was an "employee" of Pharmerica within the meaning of 42 U.S.C. § 12111(4) at the time she was terminated.

6. Defendant Pharmerica is a corporation doing business in the state of Illinois, engaged in an industry affecting commerce with offices located at 708 Enterprise Dr., Oakbrook, IL 60523. Pharmerica an employer as defined by Section 101 of the ADA, 42 U.S.C. § 12111(5).

## FACTUAL ALLEGATIONS

7. Plaintiff has been diagnosed with fibromyalgia, which substantially limits several of her major life activities, including but not limited to her ability to sleep.

8. One of the most common symptoms of fibromyalgia, which Plaintiff suffers from, is chronic insomnia.

9. Plaintiff is a qualified individual with a disability.

10. Plaintiff was hired by Pharmerica in or around October 2003 as a Consultant Pharmacist. Throughout her employment, Plaintiff performed her job duties satisfactorily.

11. Pharmerica was informed on multiple occasions of Plaintiff's disability.

12. Pharmerica knew that Plaintiff took medication for her disability, and that she is not responsive or alert when medicated.

13. Pharmerica employs multiple Consultant Pharmacists, each of whom are scheduled for "on call" duty once or twice per week.

14. When Plaintiff was scheduled for "on call" duty she did not take her medication so that she would be able to properly respond to pages and phone calls.

15. On or about April 13, 2005, Plaintiff received a phone call on her home phone number from the "on call" answering service at approximately 10:00 p.m. Plaintiff was not scheduled as the "on call" pharmacist that evening.

16. Plaintiff was told that Pharmerica's General Manager, Joe Mandel, instructed the individual from the answering service to call her when the individual could not reach the scheduled "on call" pharmacist.

17. Pharmerica's normal practice is that if the "on call" pharmacist is unavailable to answer a call, the service should contact the Operations Manager, since the Operations Manager has the responsibility of being available at all times.

18. The Operations Manager was not contacted before Mr. Mandel instructed the service to contact Plaintiff.

19. After receiving the 10:00 p.m. phone call, Plaintiff called Mr. Mandel. She agreed to answer the question from the service, but reminded him that she was not the "on call" pharmacist for the evening.

20. Plaintiff subsequently called the answering service and answered the question. She also informed the individual that she was not scheduled to be "on call" that evening and asked the individual not call her at home again that evening.

21. At approximately 4:00 a.m. Plaintiff received another phone call from the "on call" answering service on her home phone number. She told the individual from the answering

service to call Mr. Mandel. By that time, Plaintiff had already taken her medication, and was not alert.

22. The next morning, Plaintiff called Mr. Mandel to ask why she was called at 4:00 a.m. on her home phone number, when she was not "on call." Rather than answer her question, Mr. Mandel stated that her failure to take the phone call was grounds for termination.

23. Plaintiff reminded Mr. Mandel that she suffered from chronic insomnia, and informed him that she was medicated at the time of the phone call.

24. On or about April 19, 2005, Plaintiff was terminated by Pharmerica.

25. Prior to terminating her, Pharmerica failed to engage in the interactive process to discuss a reasonable accommodation with Plaintiff.

26. Pharmerica terminated Plaintiff's employment on the basis of her actual disability, perceived disability, and/or record of disability, fibromyalgia, in violation of the Americans with Disabilities Act.

27. Pharmerica's stated reason for Plaintiff's termination is pretext for unlawful discrimination.

28. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses, and damage to her reputation.

29. The aforementioned acts and conduct of Pharmerica were intentional, willful, wanton, malicious, and outrageous, warranting the imposition of punitive damages under the ADA.

## COUNT I – AMERICANS WITH DISABILITIES ACT

30. Plaintiff incorporates paragraphs 1 through 29, as if fully rewritten herein.

31. Plaintiff's fibromyalgia substantially limits several of her major life activities including, but not limited to, her ability to sleep.

32. Plaintiff performed all of the essential functions of the Consultant Pharmacist position while working for Pharmerica, and is a qualified individual with a disability as defined by the ADA.

33. Pharmerica knew about Plaintiff's disability.

34. On or about April 19, 2005, Pharmerica terminated Plaintiff on the basis of her disability in violation of the ADA.

35. Pharmerica's stated reason for Plaintiff's termination is pretext for unlawful discrimination under the ADA.

36. Prior to terminating her, Pharmerica failed to engage in the interactive process to discuss a reasonable accommodation with Plaintiff, and discriminated against her because of her disability.

37. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses, and damage to her reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pierce respectfully requests that this Court enter judgment in her favor, and against Defendant Pharmerica:

A. Declaring that the acts and practices by Defendant Pharmerica as described herein constitute a violation of the ADA;

B. Enjoining and permanently restraining these violations of the ADA;

C. Directing Defendant Pharmerica to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Pierce's employment opportunities;

D. Awarding Pierce back wages and lost benefits due to Defendant's violations of the ADA;

E. Directing Defendant Pharmerica to reinstate Pierce to her previous position, or awarding Plaintiff front pay in the alternative;

F. Awarding Pierce interest on any compensation denied or lost to Plaintiff because of Defendant's unlawful acts;

G. Awarding Pierce compensatory and punitive damages for Defendant Pharmerica's violation of the ADA;

H. Awarding reasonable attorneys' fees and cost incurred by Pierce in connection with the instant action; and

I. Awarding Pierce such further and additional relief as the Court may deem just and proper.

Dated: 8/14/07

Respectfully submitted,

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email info@caffarelli.com
Web www.caffarelli.com

HEATHER PIERCE

By: _____
Attorney for Plaintiff